# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PACKET TREAD LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **ZTE (USA), INC.,** <br><br> Defendant. | Civil Action No. 2:15-cv-1302 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Packet Tread LLC ("Plaintiff" or "Tread"), by and through its undersigned counsel, files this Complaint against ZTA (USA), Inc. ("ZTA") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,310,864 entitled "Voice Echo Cancellation for SVD Modems" (the "'864 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the owner by assignment of the '864. Plaintiff seeks monetary damages.

## PARTIES

1. Plaintiff Packet Tread LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 1400 Preston Rd Suite 485 Plano, TX 75023.

2. Upon information and belief, ZTA (USA), Inc. ("ZTA") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2425 N Central Expy STE 323 Richardson, TX 75080. Defendant can be served with process through its registered agent, Jing Li, 2425 N Central Expy STE 323 Richardson, TX 75080.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

4. The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

5. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas. Defendant derives substantial revenue from goods and services provided to individuals in Texas and in this district.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

## COUNT I– INFRINGEMENT OF U.S. PATENT No. 6,310,864

7. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

8. The '864 patent was duly and legally issued by the United States Patent and Trademark Office on October 30, 2001, after full and fair examination. The '864 patent is in full force and effect. Plaintiff is the owner by assignment of the '864 patent and possesses all rights of recovery under the '864 patent, including the exclusive right to sue for infringement and recover past damages.

9. Defendant owns, operates, advertises, controls, tests, sells, and otherwise provides systems and methods that infringe the '864 patent. The '864 patent provides, among other things, "A method of electrical communication via a first simultaneous voice and data modem associated with a switching hub of a communications network, comprising the steps of: (1) transmitting and receiving a modulated simultaneous voice and data signal using said first simultaneous voice and data modem to and from a second simultaneous voice and data modem located at an endpoint of said communications network; (2) transmitting and receiving a voice signal using said first simultaneous voice and data modem to and from a communications device via a switching network; (3) transmitting and receiving a data signal using said first simultaneous voice and data modem; (4) and canceling a voice echo originating in said switching network using an echo canceler associated with said first simultaneous voice and data modem, said voice echo experiencing a delay resulting from the modulation and demodulation of said simultaneous voice and data signal in said first simultaneous voice and

data modem and said second simultaneous voice and data modem."

10. Defendant directly or through intermediaries, made, tested, had made, had tested, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods of electrical communication via a first simultaneous voice and data modem associated with switching hub of a communications network, that infringed one or more claims of the '864 patent in this district and elsewhere in the United States, Particularly, Defendant makes, uses, tests, provides, offers for sale, and sells their product entitled ATE Grand S Pro ("Accused Instrumentality") which directly infringe the '864 patent.

11. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

12. In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '864 Patent complied with all marking requirements under 35 U.S.C. § 287.

13. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the

Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, and/or jointly of the '864 patent;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

D. Any further relief that this Court deems just and proper.

Dated:                                                             Respectfully submitted,

By: */s/ Brandon LaPray*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
Benton Patterson
Texas Bar No.: 24095088
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:     (469) 587-9776
Facsimile:      (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@thetexaslawoffice.com
Email: Benton@thetexaslawoffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF
PACKET TREAD LLC**